MATTHEW S. KENEFICK, *pro hac vice*
California State Bar No. 227298
JEFFER MANGELS BUTLER & MITCHELL
Two Embarcadero Center, Fifth Floor
San Francisco, CA 94111-3824
(415) 398-8080
msk@jmbm.com

MICHAEL R. KEALY
Nevada State Bar No. 971
PARSONS BEHLE & LATIMER
50 West Liberty St, Ste 750
Reno, NV 89501
(775)323-1601
mkealy@parsonsbehle.com
*Attorneys for Plaintiffs*

ROBERT A. DOTSON
Nevada State Bar No. 5285
rdotson@laxalt-nomura.com
HEATHER IJAMES
Nevada State Bar No. 13698
hijames@laxalt-nomura.com
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, Nevada 89521
Tel: (775) 322-1170
Fax: (775) 322-1865
*Attorneys for Defendant*

```
                FILED         ____ RECEIVED
                ENTERED       ____ SERVED ON
                         COUNSEL/PARTIES OF RECORD

                    NOV 09 2015

                 CLERK US DISTRICT COURT
                  DISTRICT OF NEVADA
             BY: _____ DEPUTY
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TURGUT ERSAVAS, an individual and ERSAVAS, TASARIM & MIMARLIK, a Turkish Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>DYNAMIC ISOLATION SYSTEMS, INC., a Nevada corporation,<br><br>Defendant.<br><br>AND ALL RELATED CLAIMS | Case No.: 3:15-cv-00312-HDM-VPC<br><br>[PROPOSED]<br>**STIPULATED<br>PROTECTIVE ORDER** |

1

Plaintiffs and Counter Defendants TURGUT ERSAVAS, an individual and ERSAVAS, TASARIM & MIMARLIK, a Turkish Limited Liability Company, ("Plaintiffs"), and Defendant and Counter Claimant DYNAMIC ISOLATION SYSTEMS, INC, ("Defendant") (collectively, with Plaintiffs, the "Parties" and individually, each a "Party") by and through their respective counsel of record, hereby stipulate to the following Protective Order concerning certain materials, documents, photographs, displays, ledgers, data graphs, and any other like kind transmittal of information during the above captioned lawsuit, ("Litigation"), subject to the approval by the Court.

1. **Purpose.** Defendant contends that certain information likely to be produced and discussed in this litigation deserves protection under Federal Rule of Civil Procedure 26(c)(1)(G), in that this information contains protected and confidential trade secrets, as well as may contain other commercial, contractual, or financial information which is confidential and proprietary in nature and therefore deserving of protection from disclosure and dissemination. This Protective Order is intended to govern the use and dissemination of this confidential information which may be contained in documents and discovery material produced by the Parties, whether informally or formally in response to interrogatories, requests for admissions, requests for production of documents, or obtained or submitted to the Court through affidavit, designated record or other testimony, including deposition testimony, or otherwise obtained or submitted in this action.

2. **Definition of Confidential Information.** Confidential information shall be designated as such at time of production or as soon as practicable thereafter and should be limited to any information which a Party reasonably and in good faith believes to contain or disclose confidential, proprietary trade secret business information of either or all of the Parties or of any of the Parties' affiliates, that could not be independently obtained outside the Litigation, and/or confidential, trade secret business information, the disclosure of which might reasonably pose a commercial disadvantage to the owner or custodian of the information.

2

A Party claiming confidentiality of any information or documents disclosed in this Litigation prior to entry of this Protective Order by the Court will promptly designate such information as confidential following entry of this Order. Disclosure of such information following entry of this Order and designation as confidential will be governed by the terms of this Order. For example, for disclosure of such information to a qualified person described in Section 7 after entry of this Order, the non-designating Party will obtain a declaration in the form attached as Exhibit 1 from the qualified person.

3. **Limitation on Designation of Information.** The Parties shall only designate information that is confidential if they have a reasonable and good faith belief the information should, in fact, be so designated. If the Court later determines the Parties did not act reasonably or in good faith in making such a designation, the Court shall award to the Party opposing the designation that Party's reasonable attorneys' fees in disputing the designation; provided, however, that no Party may challenge such a designation unless and until that Party has first made a reasonable good faith attempt to resolve the matter informally with the designating Party, either through an in person or telephonic meet and confer that is later reduced to writing.

4. **Method of Document Designation.** Documents containing Confidential Information may be so designated at the point of production or as soon thereafter as is practical, but in no event later than ten business days after the point of production.

5. **Designation of Deposition Testimony.** Deposition testimony that the Parties reasonably believe will contain Confidential Information shall only be taken in the presence of the persons entitled to such information under this Order. Where practical, the record shall identify those portions which relate to Confidential Information and that information will be identified as such at the time the deposition is taken. At the request of the Party claiming confidentiality, the Parties may make arrangements with the court reporter so that the portion of the transcription in question can be separately bound and labeled as confidential.

6.      **Method of Exhibit Designation.** Exhibits introduced at a deposition that contain Confidential Information may be so designated by making a statement to that effect on the record at the time of their introduction. Exhibits designated as containing Confidential Information shall be placed in sealed containers and/or filed under seal prior to being placed in the Court file or otherwise placed in the public record. At the request of the Party claiming confidentiality, the exhibits designated as containing Confidential Information shall sealed, filed under seal, or otherwise designated as confidential so as to insure that they are not placed within the public record.

A Party shall have the right to designate an item as "Confidential" (by marking the relevant page or as otherwise set forth herein) any document or response to discovery which it considers in good faith to contain Confidential Information. Where a document or response consists of more than one page, the first page and each page on which Confidential Material appears shall be so designated. For Confidential Materials produced in some form other than documents, and for any other tangible items, including, without limitation, hard drives, compact discs or DVDs, the designating Party must affix in a prominent place on the exterior of the container or containers in which the Confidential Information or items are stored the legend "Confidential." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

7.      **Qualified Persons to Review Confidential Information.** Confidential Information produced pursuant to this Order may be disclosed or made available only to the persons set forth below (collectively "Qualified Persons"):

(a)     the Court, jury, court personnel, court reporters, and videographers in connection with this litigation;

(b)     counsel for a Party, including partners, associates, clerks, paralegals, clerical and secretarial staff, and other support personnel or agents employed or engaged by such counsel's firm, so long as said employees are directly involved with and specifically tasked to the Litigation;

4

      (c)    a Party to this Litigation;

      (d)    designated experts retained by counsel for a Party to assist in the prosecution, defense, or settlement of this action;

      (e)    persons who are shown on the face of the Confidential Information to have been the authors or recipients of the Confidential Information or who otherwise legally received or know of the contents of the Confidential Information prior to the litigation; and

      (f)    any other person with the prior written consent of the designating Party.

8. **Dissemination of Confidential Information.** Prior to delivering any information controlled by this document to persons designated in paragraph 7(c), 7(d), or 7(f) above, the person(s) to be provided the information shall be provided with a copy of this Order and shall execute a Declaration in the form of Exhibit 1 to this Order, wherein they agree to comply with the terms of this Order. This requirement does not apply to disclosures of documents or information made before entry of this Order or before the information was designated as confidential. Counsel for the Parties shall maintain a file of all such declarations signed by person(s) to whom Confidential Information has been given.

9. **Enforcement of Order.** Any Party attempting to enforce this Order will be entitled to its attorneys' fees and costs, or other appropriate monetary sanction determined by the Court, from any Party in violation of this Order if the Court finds that the Party acted in knowing violation of the Order. If the Court finds that there is no violation of the Order, then the Party charged with violating the Order shall recover its attorneys' fees and costs, incurred in opposing the motion, from the Party seeking to enforce the Order.

10. **Use of Confidential Materials in Court.** In the event that any Confidential Information is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript, or other paper filed in any court proceeding in this action, the Party using such Confidential Information shall take all reasonable steps in accordance with applicable law

to maintain its confidentiality during such use. All portions of briefs, pleadings or other filings with the Court, which incorporate or disclose Confidential Information shall be appropriately labeled on the cover page, accompanied by a contemporaneous motion for leave to file the Confidential Information portions under seal. The party seeking to file such under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). If the motion for leave is granted, the person filing any such documents shall place the material being filed with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title to this action, an indication of the nature of the contents of such sealed envelope or other container, the legend "CONFIDENTIAL" and a statement substantially in the following form: "This envelope containing documents which are filed in this case by [name of Party] is not to be opened nor the contents thereof displayed or revealed except by authorized persons or by Order of the Court." The person filing any such document shall inform the Clerk in writing that all or a portion designated thereof is subject to this Order and is to be kept under seal, except that, upon default of the filing Party to so designate, any Party may do so. Such Confidential Information shall be kept under seal by the Clerk of the Court until further order of the Court. A duplicate copy thereof (with the Confidential Information deleted therefrom) may be placed in the public record.

11. **Future Applications to Court Not Prohibited.** This Order shall be without prejudice to the right of the Parties to (a) bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or, (b) present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Order.

12. **Use by the Parties.** Nothing in this Order shall prevent or limit the Parties from using or disclosing their own Confidential Information, and information or documents derived therefrom, for any purpose, and the Parties shall take all steps required by this Order to maintain their confidentiality during such use.

13. **Inadvertent Production.** If a Party inadvertently produces or discloses any Confidential Information without marking it with the appropriate legend, it may give notice to the receiving Party that the information should be treated in accordance with the terms of this Order, and shall forward appropriately stamped copies of the items in question. The receiving Party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation may be made as soon as possible after the discovery of the inadvertent production or disclosure.

14. **Limited Effect of Order.** This Order is entered solely for the purpose of facilitating the Parties' exchange of documents and information in this action without involving the Court unnecessarily in the process. Nothing in this Order, the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order shall be deemed to have the effect of (a) an admission or waiver by the Parties regarding the confidentiality or non-confidentiality of any information, document, or thing, or (b) altering the confidentiality or non-confidentiality of any such document, thing, or information.

15. **Termination of Action.** This Order shall survive the final termination of this action, and the Parties agree that the Court may retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, all documents, materials, and deposition transcripts designated as containing Confidential Information and all copies of the same, but not including any derivative materials protected by the attorney-client privilege or work product doctrine, shall be returned to the attorneys of record for the producing Party, or at the producing Party's option, destroyed by counsel for the receiving Party. In the case where the latter option is

used, within thirty (30) days of the conclusion of this or any subsequent action or claim arising out of this action, counsel for the receiving Party shall notify counsel for the producing Party by written declaration signed by counsel under penalty of perjury that such destruction has taken place. The provisions of this Order, insofar as they restrict the disclosure, communication of, and use of, Confidential Information, shall continue to be binding after the conclusion of this action or any potential claim arising out of this action.

16. **Entire Agreement.** This Order sets forth the entire agreement and understanding between the Parties with respect to the use of discovery material in this action and supersedes any prior or contemporaneous agreement between the Parties.

**IT IS SO STIPULATED.**

DATED this 28th day of October, 2015.

JEFFER MANGELS BUTLER & MITCHELL

By /S/ MATTHEW S. KENEFICK
MATTHEW S. KENEFICK, *pro hac vice*
California State Bar No. 227298
Two Embarcadero Center, Fifth Floor
San Francisco, CA 94111-3824

MICHAEL R. KEALY
PARSONS BEHLE & LATIMER
Nevada State Bar No. 971
50 West Liberty St, Ste 750
Reno, NV 89501

*Attorneys for Plaintiffs*

DATED this 28th day of October, 2015.

LAXALT & NOMURA, LTD.

By /S/ ROBERT A. DOTSON
ROBERT A. DOTSON
Nevada State Bar No. 5285
HEATHER A. IJAMES
Nevada State Bar No. 13698
9600 Gateway Drive
Reno, Nevada 89521

*Attorneys for Defendant*

IT IS SO ORDERED:
DATED this 9th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

8

# EXHIBIT 1

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury under the laws of the State of Nevada that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, District of Nevada, on _____, 2015, in the case of *Ersavas, et al. v. Dynamic Isolation Systems, Inc.*, Case No.3:15-cv-00312-HDM-VPC Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any confidential information or item (e.g. proprietary business, commercial, contractual, financial, or personal information) that is subject to this Stipulated Protective Order and/or designated as confidential to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____